UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RONALD GILBRECH, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.                                    Case No.: 2:10-cv-02692-tmp

FIRST DATA CORP., a successor to
EFS NATIONAL BANK,

    Defendant.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff files the following Response in Opposition to Defendant's Motion to Dismiss:

### I.    DEFENDANT FAILED TO COMPLY WITH THE LOCAL RULES

Local Rule 7.2(a)(1) requires a motion in a civil case be accompanied by a supporting memorandum of facts and law and a proposed order.

### LR7.2
### MOTIONS IN CIVIL CASES

(a)    Filing, Service and Response.

(1)    Motions. (See Section II(B)of the ECF Attorney User Manual ) The clerk shall accept for filing only those motions in civil cases that are accompanied by a supporting memorandum of facts and law, and (except in the case of an ex parte motion) a certificate of service of the motion and memorandum upon all other parties to the action. The motion shall contain a brief statement of its bases. In the case of a motion for summary judgment, the memorandum shall comply with the additional requirements of subsection (d).

In this case, the Defendant submitted only a motion, and did not submit a memorandum or a proposed order. Accordingly, Defendant's Motion is deficient on its face and should not be considered by the Court.

However, should the Court consider Defendant's motion, Plaintiff addresses the issues raised by Defendant.

## II. DEFENDANT'S MOTION DOES NOT SUPPORT DISMISSAL

### A. The 12(b)(6) Standard.

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts consistent with its allegations that would entitle it to relief. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). A plaintiff must provide the grounds for its entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). A claim for relief must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 127 S. Ct. at 1964.) To state a valid claim, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*,

127 S. Ct. at 1969). The Supreme Court recently recognized: "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"[1]

### B. The Complaint's Well-Pled EFTA Allegations.

The Complaint alleges that "Defendant is an 'automated teller machine operator' as that term is defined by 12 C.F.R. § 205.16(a),"[2] to which the EFTA and its regulations apply. The complaint additionally alleges: "Defendant is an ATM operator regulated under the EFTA, 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a)."[3] Moreover, the Complaint alleges that Defendant "owned and operated the EFS ATM located at 2736 Warford, Memphis, Tennessee."[4] Defendant's imposition of fees for withdrawal from its ATM is alleged.[5]

The Complaint alleges relevant requirements affecting "automated teller machine operators" and prohibited conduct, addressed in 15 U.S.C. § 1693b(3)(A), (B) and (C) and 12 C.F.R. § 205.16(b), (c) and (e).[6]

The Complaint alleges Defendant's specific conduct that violated applicable provisions of the EFTA and related regulations.[7] The Complaint alleges "Defendant failed to post on or at the EFS ATM that a fee will be imposed for withdrawing cash or for a balance inquiry, resulting in Defendant's improper imposition of a fee to users of the EFS ATM."[8] The Complaint alleged

---

[1] *Twombly*, 550 U.S. at 556.

[2] Complaint at 4 (doc. 1).

[3] *Id.* at 7.

[4] *Id.*

[5] *Id.* at 6.

[6] *Id.* at 4-5, 7 and 11.

[7] *Id.* at 7, 8, 11 and 12.

[8] *Id.* at 7.

3

"Defendant's failure to post the required notice on or at the EFS ATM has resulted in frequent and persistent non-compliance with the EFTA" which "adversely affected" consumers.[9] The Complaint alleges Defendant's improper imposition of a fee to users of the EFS ATM.[10] The Complaint additionally alleges violation of the EFTA in a separate section of the Complaint alleging violation of the EFTA.[11]

The Complaint alleged Plaintiff is a "consumer" pursuant to regulations implementing the EFTA, that Plaintiff used the relevant ATM, that Plaintiff was assessed an ATM surcharge, and that the ATM did not have the fee notice required by the EFTA.[12] Moreover, the Complaint alleged that Defendant is liable to Plaintiff for statutory damages pursuant to 15 U.S.C. § 1693m, costs of suit and reasonable attorney's fees, in addition to other relief.[13]

### C. The Complaint's Allegations Satisfy the Rule 12(b)(6) Standard.

The allegations, referred to immediately above and not repeated, articulate a claim for which relief may be granted, pursuant to the EFTA and its related regulations. Notably, defendant does not attack the allegations summarized in the preceding section. Defendant's motion Rule 12(b)(6) motion instead focuses on the "good faith defense" under the EFTA. As shown below, this is out-dated law.

### D. Similar Complaints Have Withstood 12(b)(6) Motions to Dismiss.

Similar complaints alleging violation of the EFTA and related regulations have been held to state a claim for which relief may be granted. For example, in *Greiff v. Palace Entertainment Holdings, LLC*, the district court recently denied a motion to dismiss ETFA claims in a similar

---

[9] *Id.*

[10] *Id.* at 7.

[11] *Id.* at 11-12.

[12] *Id.* at 8.

[13] *See id.* at 12.

4

case.[14] In *Greiff*, the plaintiff alleged he made an electronic transfer of funds from an ATM and was charged a fee in violation of the EFTA.[15] Another example in which a 12(b)(6) motion was denied is *Savrnoch v. First American Bankcard, Inc.*[16] There, the plaintiff alleged the defendant failed to provide notices and imposed a fee in violation of the EFTA and related regulations.[17] A motion to dismiss an EFTA claim also was denied in *Mayotte v. Associated Bank, N.A.*, 2007 WL 2358646 (E.D.Wis.),[18] in which the district court applied the *Twombly* standard for judging Rule-12(b)(6) motions.

### E. Defendant Attempts to Bring a Motion for Summary Judgment, Calling it a Motion to Dismiss.

Defendant has submitted the Declaration of Greg Courts in support of its "Motion to Dismiss." This Declaration alleges that Defendant FDC and its subsidiaries are not and were not responsible for placing or obligated to place notices on the ATM in question, nor were they responsible for providing services that relate to the programming of electronic messages presented to users of the Warford ATM. However, these "facts" are asserted by a "declaration" are inappropriate in a Rule 12(b)(6) motion to dismiss. Plaintiff need not restate the well known law that a motion to dismiss is based on the pleadings, and not on affidavits which are used in summary judgment motions, pursuant to Rule 56 of the Rules of Civil Procedure. (Indeed, the Defendant here has submitted a "declaration" which would not be permissible in a motion for summary judgment under Rule 56.

---

[14] *Greiff v. Palace Entm't Holdings, LLC*, No. 09-1388, 2010 WL 1816300, at *1-2 (W.D. Pa. May 4, 2010) (Lancaster, C.J.), a true and correct copy of which is attached hereto as Exhibit "1."

[15] *See id.*

[16] *See Savrnoch v. First Am. Bankcard, Inc.*, No. 07-C-1241, 2007 WL 3171302, at *4 (E.D. Wis. Oct. 26, 2007, a true and correct copy of which is attached hereto as Exhibit "2."

[17] *See Savrnoch*, 1007 WL 3171302, at *1.

[18] *Mayotte v. Associated Bank, N.A.*, 2007 WL 2358646 (E.D.Wis.) attached hereto as Exhibit 3.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits Defendant's Motion to Dismiss should be denied.

Respectfully submitted,

**DEAL, COOPER & HOLTON, PLLC**

By:  s/B. J. Wade
B. J. Wade (#05182)
296 Washington Avenue
Memphis, TN  38103
(901) 523-2222 – telephone
(901) 523-2232 – facsimile
bwade@dchlaw.com

**OF COUNSEL:**

Eric G. Calhoun, Esq.
**TRAVIS, CALHOUN & CONLON, P.C.**
1000 Providence Towers East
5001 Spring Valley Road
Dallas, TX  75244
(972) 934-4100 – telephone
(972) 934-4101 – facsimile
eric@travislaw.com

*Attorneys for Plaintiff and Proposed Class Counsel*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been duly served via the court's ECF system on this the 24th day of January, 2011 upon the following:

William L. Campbell, Jr., Esq.   ccampbell@rwjplc.com
John W. Peterson, Esq.   jpeterson@rwjplc.com
Riley Warnock & Jacobson, PLC

s/B. J. Wade
B. J. Wade