# Exhibit 1

Case 2:10-cv-02692-JPM-tmp   Document 18-1   Filed 01/24/11   Page 1 of 4    PageID 81

Westlaw.

Page 1

Slip Copy, 2010 WL 1816300 (W.D.Pa.)
(Cite as: 2010 WL 1816300 (W.D.Pa.))

COnly the Westlaw citation is currently available.

United States District Court,
W.D. Pennsylvania.
Paul GREIFF, individually and on behalf of others similarly situated, Plaintiffs,
v.
PALACE ENTERTAINMENT HOLDINGS, LLC, and Enterprise ATM, Inc., Defendants.
**Civil Action No. 09-1388.**

May 4, 2010.

R. Bruce Carlson, Carlson Lynch, Sewickley, PA, for Plaintiffs.

Andrew G. Jenkins, Thorp Reed & Armstrong, LLP, Brian H. Simmons, Buchanan Ingersoll & Rooney PC, Pittsburgh, PA, for Defendants.

*MEMORANDUM and ORDER*

GARY L. LANCASTER, Chief Judge.

*1 This is a class action alleging violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.* plaintiff, Paul Greiff ("Greiff"), who brings this lawsuit on behalf of himself and others similarly situated, claims that he made an electronic transfer of funds from an automated teller machine ("ATM") and was charged a "terminal owner fee" of two dollars. Greiff alleges that the defendants violated 15 U.S.C. § 1693b(d) (3)(A) by failing to post a notice of the fee on the ATM.

Defendant Palace Entertainment Holdings, LLC, through its corporate predecessor, Kennywood Entertainment, Inc., ("Palace"), entered into a license agreement with defendant Enterprise ATM, Inc., ("Enterprise"). Pursuant to the agreement, Palace's predecessor permitted Enterprise to place an ATM in Kennywood Park, which is now owned and operated by Palace. In exchange, Palace received a portion of the surcharge revenue generated by the ATM.

Palace has filed a motion to dismiss Greiff's first amended complaint under Fed.R.Civ.P. 12(b)(6) primarily arguing that only Enterprise can be sued under the EFTA. Palace contends that Enterprise is the sole operator of the ATM, and suggests liability lies only against ATM operators. Alternatively, Palace contends that because Enterprise has a good faith defense to the class action claim, plaintiffs will be precluded from recovering against both Enterprise and Palace.

In response, Greiff notes that the license agreement between Palace and Enterprise indicates that Palace "shall comply with all laws ... affecting ... the use of the ATM." (*See,* Doc. No. 8, Exh. A). Greiff reasons that this section of the license agreement obligates Palace to meet all requirements imposed by the EFTA concerning the operation of the ATM, essentially rendering Palace a co-operator.

Section 1693b(d) of the EFTA requires a notice of any fee to be posted on the ATM itself as well as displayed on the ATM screen during a transaction. *See* 15 U.S.C. § 1693b(d)(3)(B). The EFTA defines an operator as any person who "operates an automated teller machine at which consumers initiate electronic fund transfers; and ... is not the financial institution that holds the account of such consumer from which the transfer is made." 15 U.S.C. § 1693b(d)(3)(D).

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the mis-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 1816300 (W.D.Pa.)
**(Cite as: 2010 WL 1816300 (W.D.Pa.))**

conduct alleged. *Id.* at 1949. However, the court is " 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Iqbal,* 129 S.Ct. at 1950 (quoting *Twombly,* 550 U.S. at 555)); *see also Fowler v. UPMC Shadvside,* 578 F.3d 203, 210 (3d Cir.2009).

*2 Therefore, when deciding a motion to dismiss under Rule 12(b) (6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. *Iqbal,* 129 S.Ct. at 1949; *Twombly,* 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly,* 550 U.S. at 556, 563 n. 8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief. *Id.* at 563 n. 8.

When deciding a motion to dismiss a court can consider a "document integral to or explicitly relied upon in the complaint" without converting the motion into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997) (emphasis and internal quotation omitted). The court may also consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *PBGC v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993). The Court of Appeals for the Third Circuit has explained that the rationale for these exceptions is that "the primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff-is dissipated [w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint." *Burlington,* 114 F.3d at 1426 (citations and internal quotations omitted).

It is on this standard that the court has reviewed defendant's motion. Based on the pleadings of record and the briefs filed in support of and opposition thereto, the court is persuaded that plaintiff has alleged facts that "raise a right to relief above the speculative level ... on the assumption that the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (citations and emphasis omitted).

Alternatively, Palace argues that it may invoke the affirmative statutory "good faith" defense under 15 U.S.C. § 1693m(d) (1).[FN1] Generally, complaints are not to be dismissed based on an affirmative defense; however "[a] complaint may be dismissed under Rule 12(b)(6) where an unanswered affirmative defense appears on [the face of the complaint]." *Victaulic Co. v. Tieman,* 499 F.3d 227, 234 (3d Cir.2007). Greiff's complaint does not present us with such an unanswered affirmative defense. Accordingly, the complaint cannot be dismissed on this basis either.

> FN1. Section 1693m(d)(1) states:
>
> (d) Good faith compliance with rule, regulation, or interpretation of Board or approval of duly authorized official or employee of Federal Reserve System
>
> No provision of this section or section 1693n of this title imposing any liability shall apply to-
>
> (1) any act done or omitted in good faith in conformity with any rule, regulation, or interpretation thereof by the Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals under such procedures as the Board may prescribe therefor; ...
>
> 15 U.S.C. 1693m(d)(1).

Therefore, we find the allegations set forth in Greiff's complaint to do more than establish the threadbare recitals of a cause of action under the EFTA. Thus, because Greiff has set forth sufficient factual matter to show that the EFTA claim is facially plausible as to Palace, the motion to dismiss must be denied.

### ORDER

*3 AND NOW, this *4th* day of May, 2010, IT IS HEREBY ORDERED that defendant's motion to dismiss is denied.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 1816300 (W.D.Pa.)
**(Cite as: 2010 WL 1816300 (W.D.Pa.))**

W.D.Pa.,2010.
Greiff v. Palace Entertainment Holdings, LLC
Slip Copy, 2010 WL 1816300 (W.D.Pa.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.