# Exhibit 2

Not Reported in F.Supp.2d, 2007 WL 3171302 (E.D.Wis.)
**(Cite as: 2007 WL 3171302 (E.D.Wis.))**

▷Only the Westlaw citation is currently available.

United States District Court,
E.D. Wisconsin.
Patricia SAVRNOCH, Plaintiff,
v.
FIRST AMERICAN BANKCARD, INC., Defendant.
No. 07-C-0241.

Oct. 26, 2007.

Robert K. O'Reilly, John D. Blythin, Ademi & O'Reilly LLP, Cudahy, WI, for Plaintiff.

Jeffrey S. Loeb, Nina A. Rabito, Montgomery Barnett Brown Read Hammond & Mintz, New Orleans, LA, for Defendant.

**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

WILLIAM E. CALLAHAN, JR., United States Magistrate Judge.

**I. BACKGROUND**

*1 This action commenced on March 9, 2007, when the plaintiff, Patricia Savrnoch ("Savrnoch"), individually and on behalf of others similarly situated, filed a complaint in the Eastern District of Wisconsin, alleging that the defendant, First American Bankcard, Inc. ("FABI"), violated the Electronic Fund Transfers Act ("EFTA"), 15 U.S.C. § 1693 et seq., and its implementing regulations, 12 C.F.R. 205 et seq. More specifically, in Count I, Savrnoch alleges that FABI failed to provide notices to the plaintiff and class as required by 12 C.F.R. § 205.16, yet imposed a fee upon Savrnoch and the class members in violation of 15 U.S.C. § 1693b(d)(3)(C) when they utilized FABI's Automatic Teller Machines ("ATMs"). (Compl. at ¶¶ 38-41.) In Count II, Savrnoch claims that the above allegations entitle her and others similarly situated to damages under Wisconsin state law "as a result of the unjust enrichment by [FABI] and its owners, including the disgorgement of all revenue obtained by [FABI] from consumers through ATM fee surcharges imposed at the specified ATM's during the class period." (Compl. at ¶¶ 42-45.)

On August 6, 2007, FABI filed a motion to dismiss Savrnoch's complaint in part, pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Savrnoch's complaint fails to state a claim upon which relief can be granted. More precisely, FABI has moved to dismiss Count I of the plaintiff's complaint insofar as it seeks actual damages under the EFTA, Count II in its entirety, and any claims by Savrnoch for damages in relation to ATMs she did not use. The defendant's motion to dismiss has been fully briefed and is ready for resolution. For the reasons that follow, the defendant's motion to dismiss any claim for actual damages (Count I) will be denied; its motion to dismiss any entitlement to damages as a result of unjust enrichment (Count II) will be granted; and its motion to dismiss any claims for damages in relation to ATMs the plaintiff did not use will be denied.

**II. DISCUSSION**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to decide whether the plaintiff's pleadings actually state a claim upon which relief can be granted. For the purposes of a motion to dismiss, all factual allegations of the complaint are taken as true. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993); see also Eison v. McCoy, 146 F.3d 468, 470 (7th Cir.1998). Such allegations must be viewed liberally and in the light most favorable to the plaintiff. See Harrell v. Cook, 169 F.3d 428, 431 (7th Cir.1999). A complaint must contain enough "[f]actual allegations ... to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). However, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 3171302 (E.D.Wis.)
**(Cite as: 2007 WL 3171302 (E.D.Wis.))**

his claim to the satisfaction of the factfinder." *Twombly,* 127 S.Ct. at 1969, n. 8. However, the court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Gray v. County of Dane,* 854 F .2d 179, 182 (7th Cir.1988).

**\*2** Savrnoch alleges that the FABI ATMs provided inadequate notice of a surcharge fee, in violation of the EFTA and its implementing regulations. Specifically, Savrnoch alleges that FABI violated the EFTA by imposing and collecting a surcharge without properly posting, in a prominent and conspicuous location on the ATM, a notice that a fee will be imposed or, if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

**A. Actual Damages**

FABI argues that Savrnoch's EFTA claim should be dismissed to the extent that Savrnoch seeks actual damages. Specifically, FABI contends that actual damages are improper because: "(1) the complaint fails to allege that plaintiff suffered damages as a result of detrimental reliance on the allegedly improper notice of the fee; and (2) it is apparent from the complaint and documents properly considered on this motion that plaintiff consented to pay the $3.25 ATM fee." (Mem. in Support of Mot. to Dismiss at 5.) The defendant's motion to dismiss Count I, to the extent that it provides for actual damages, will be denied.

FABI contends that "[t]o obtain actual damages under the EFTA, it is not enough to show that the defendant violated the statute." (Mem. in Support of Mot. to Dismiss at 5.) Rather, FABI alleges that the EFTA's actual damages provision, 15 U.S.C. § 1693m(a)(1),[FN1] "explicitly provides that actual damages are available only when they occur 'as a result of the failure' to comply with the statute." (*Id.*) Therefore, according to FABI, "a plaintiff seeking actual damages because of an allegedly improper fee notice must plead (and eventually prove) that she detrimentally relied on the improper notice, and that such reliance actually caused her damages." (*Id.* (emphasis removed).) As further support, FABI notes that other courts have held that § 1693m(a)(1) requires the plaintiff to establish detrimental reliance. *See Brown v. Bank of Am.,* 457 F.Supp.2d 82, 90 (D.Mass.2006); *Martz v. PNC Bank, N.A.,* No. CIV A 06-1075, 2006 WL 3840354, at \*5 (W.D.Pa. Nov. 30, 2006) ("The few reported cases that have discussed the actual damages provision of EFTA have found that to recover actual damages, a plaintiff must establish causation of harm in the form of detrimental reliance.").

> FN1. 15 U.S.C. § 1693m(a)(1) discusses actual damages and states, in pertinent part:
>
> (a) Individual or class action for damages; amount of award. Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer ... is liable to such consumer in an amount equal to the sum of-
>
> (1) any actual damages sustained by such consumer *as a result of such failure*
>
> (emphasis added).

In one such case, *Brown v. Bank of America,* the court held that under the EFTA's actual damages provision, "[i]n order to recover actual damages, Plaintiffs must establish causation of harm through detrimental reliance." 457 F.Supp.2d at 90. At issue in *Brown* was whether the plaintiff was entitled to actual damages under § 1693m(a)(1) for the defendant's failure to post a fee notice on a prominent and conspicuous location on the ATM machine, in violation of the EFTA's notice provision, 15 U.S.C. § 1693b(d)(3)(B)(i).[FN2] As support for this conclusion, the court looked to case law interpreting an identical actual damages provision in the Truth in Lending Act ("TILA"), another banking consumer protection law. *Id.* at 90 (citing *Johnson v. W. Suburban Bank,* 225 F.3d 366, 378-79 (3d Cir.2000) (finding that the identical class action language in the TILA and the EFTA had identical substantive meaning because "we do not believe that Congress would have different intended meanings for identical statutory language contained in similar statutes.")). The relevant provision under TILA provided for recovery for "any actual damage sustained by such a person as *a result of* the [defendant's] failure." *Id.* (citing 15 U.S.C. § 1640(a)(1)) (emphasis added). In determining that the actual damages provision of the EFTA requires a

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 3171302 (E.D.Wis.)
**(Cite as: 2007 WL 3171302 (E.D.Wis.))**

showing of causation of harm through detrimental reliance, the court noted that courts interpreting TILA had held that "damages and causation must be shown" in order to recover actual damages under TILA. *Id.* (quoting *Bizier v. Globe Fin. Servs., Inc.,* 654 F.2d 1, 4 (1st Cir.1981); *see also Turner v. Beneficial Corp.,* 242 F.3d 1023, 1028 (11th Cir.2001) (finding that the "language indicates that the statute's authors intended that plaintiffs must demonstrate detrimental reliance in order to be entitled to actual damages under TILA.")).

> FN2. 15 U.S.C. § 1693b(d)(3)(B) Notice requirements.
>
> > (i) On the machine. The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer....

*3 Although I agree with the court's decision in *Brown,* that the plain language of § 1693m(a)(1) requires that Savrnoch show causation of harm through detrimental reliance when a plaintiff claims a violation of the EFTA's notice provision, § 1693b(d)(3)(B), I am unable to conclude that Savrnoch must show causation of harm through detrimental reliance when claiming a violation of the EFTA's prohibition on fees not properly disclosed, § 1693b(d)(3)(C). To be sure, the phrase "as a result of" in § 1693m(a)(1) (and in the corresponding actual damages provision of TILA) indicates that in order to recover actual damages, the alleged violation must be the cause of the harm. However, this phrase does not necessarily mean that causation of harm must be proven through a showing of detrimental reliance. Rather, whether a showing of detrimental reliance is required to prove causation of harm is dependent on the specific statutory provision alleged to have been violated.

As noted above, FABI has cited to cases which indicate that EFTA's actual damages provision requires a showing of detrimental reliance in order to recover actual damages for a violation of the EFTA's notice provisions. However, Savrnoch alleges a violation § 1693b(d)(3)(C),[FN3] which prohibits the imposition of fees without giving proper notice. This statutory provision regarding the imposition of fees is not merely a provision outlining the requirements of proper notice, as in § 1693b(d)(3)(B). Moreover, § 1693b(d)(3)(C) is also unlike the provisions in TILA that outline the requirements for disclosures by a creditor. *See* 15 U.S.C. § 1638(a). ("Required disclosures by creditor. For each consumer credit transaction other than under an open end credit plan, the creditor shall disclose each of the following items, to the extent applicable ...").

> FN3. 15 U.S.C. § 1693b(d)(3)(C):
>
> > Prohibition on fees not properly disclosed and explicitly assumed by consumer. No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless-
> >
> > (i) the consumer receives such notice in accordance with subparagraph (B); and
> >
> > (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

This distinction between § 1693b(d)(3)(C), a statutory provision prohibiting the imposition of fees, and § 1693b(d)(3)(B), a statutory provision requiring proper notice, although not affecting an analysis of whether FABI violated the EFTA (as proof of improper notice is required to establish a violation of both § 1693b(d)(3)(B) and § 1693b(d)(3)(C)), is relevant to an analysis of whether causation of harm must be established through detrimental reliance. Under the actual damages statute, § 1693m(a)(1), the plaintiff is only entitled to actual damages which are "as a result" of the defendant's failure to comply with the statute. For violations of § 1693b(d)(3)(B), a defendant fails to comply with the EFTA if the ATM provided the consumer with improper notice of the imposition of a fee. As such, in order to recover actual damages for a violation of this particular notice provision, a plaintiff would have to show that her damages were "as a result" of the defendant's providing her with improper notice. In other words, a plaintiff would have to show that her use of the ATM and subsequent payment of the fee was caused by her

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 3171302 (E.D.Wis.)
**(Cite as: 2007 WL 3171302 (E.D.Wis.))**

reliance on the allegedly defective notice. Therefore, a requirement that the plaintiff detrimentally relied on the allegedly defective notice on the screen to recover actual damages for violations of § 1693b(d)(3)(B) is consistent with the language of the EFTA, as well as the case law cited to by FABI.

*4 In contrast, for violations of the prohibition of fees not properly disclosed, § 1693b(d)(3)(C), a defendant would fail to comply with the EFTA if it charged a fee without providing proper notice. Although improper notice is an element of this statutory provision, the actual violation is not predicated on defective notice as in the EFTA's notice provisions, but rather is predicated on the improper imposition of a fee. Such being the case, in order to recover actual damages for alleged violations of § 1693b(d)(3)(C), a plaintiff would have to show that her damages were "as a result" of the defendant's improperly *charging her a fee*. Given that Savrnoch's alleged actual damages are her payment of the fee, the improper charging of this fee would arguably be the cause of her damages. Stated another way, Savrnoch's payment of the fee would be "as a result of" FABI's improper imposition of the fee. Given that the alleged violation itself is arguably the cause of Savrnoch's alleged actual damages, detrimental reliance is not needed to prove causation.

In sum, because Savrnoch has alleged in her complaint that she suffered damages by paying an ATM fee, and that FABI charged her this fee in violation of 15 U.S.C. § 1693b(d)(3)(C), Savrnoch's complaint contains sufficient "[f]actual allegations ... to raise a right to relief above the speculative level." *Twombly,* 127 S.Ct. at 1965. The defendant's motion to dismiss Count I, to the extent the plaintiff seeks to recover actual damages, will therefore be denied.

**B. Unjust Enrichment**

FABI next moves the court to dismiss Savrnoch's unjust enrichment claim and her corresponding demand for disgorgement damages, alleging that: "(1) [the plaintiff's] claim is barred by the voluntary payment doctrine; (2) plaintiff cannot claim unjust enrichment where her relationship with FABI is governed by a contract; (3) there is nothing "unjust" about the ATM fee; and (4) her claim is preempted by the EFTA." (Mem. in Support of Mot. to Dismiss at 9-10.) In light of this court's recent decisions in *Voeks v. Wal-Mart Stores, Inc.,* No. 07-C-0030, 2007 WL 2358645 (E.D.Wis. Aug. 17, 2007), and *Mayotte v. Associated Bank, N.A.,* No. 07-C-0033, 2007 WL 2358646 (E.D.Wis. Aug. 17, 2007), the plaintiff abandoned her claim for unjust enrichment. (Br. in Opposition to Mot. to Dismiss at 17.) Accordingly, the plaintiff's motion to dismiss Savrnoch's unjust enrichment claim is granted.

**C. Standing**

FABI next asks the court to dismiss any claims for damages by plaintiff relating to the four ATMs she did not use, as FABI alleges the plaintiff lacks standing to assert such claims. FABI asks the court to grant this motion because: "(1) [the plaintiff] failed to plead standing as to the unused ATMs; (2) [the plaintiff] was not personally damaged by the unused ATMs; (3) any alleged damage to plaintiff was not caused by the unused ATMs; (4) [the plaintiff] cannot recover damages based on the rights of third parties; and (5) the EFTA does not provide an exception to [the] standing requirement ." (Mem. in Support of Mot. to Dismiss at 17.) Because the court finds that the complaint does not raise separate claims, for either individual or statutory damages with respect to ATMs the plaintiff did not use, the defendant's motion to dismiss plaintiff's claims as to the unused ATMs is denied.

*5 "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton,* 422 F.3d 490, 495 (7th Cir.2005). In order to obtain standing, first, a plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. And third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 560-61.

In the instant matter, the plaintiff has established standing as to her claim for the fee assessed against her for use of ATM number LK292478. The plaintiff's complaint alleges that the plaintiff suffered a concrete injury in fact when she was charged $3.25 in violation of the EFTA. The complaint further alleges

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 3171302 (E.D.Wis.)
**(Cite as: 2007 WL 3171302 (E.D.Wis.))**

the $3.25 charge was a statutory violation of the EFTA because FABI did not post the requisite notice of the fee in a conspicuous location on the outside of the ATM terminal-thereby, demonstrating causation between the injury and the complained of conduct, and third, it is likely the injury will be addressed by a favorable decision, as monetary damages are easily and commonly awarded by a court. Accordingly, Savrnoch's complaint establishes standing as to the ATM she used.

Savrnoch need not establish standing for the ATMs mentioned in the complaint which she did not use as she does not raise a separate claim stating that she is entitled to any individual actual or statutory damages with respect to those ATMs. In raising issues of standing as to those ATMs, FABI mistakes evidence on issues related to class certification, specifically commonality and typicality, for an additional individual claim that the plaintiff has not raised. As plaintiff has alleged common facts for the purposes of eventually certifying a class, standing issues do not exist. Accordingly, the defendant's motion to dismiss plaintiff's claims as to the unused ATMs is denied.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to dismiss Count I insofar as it relates to actual damages be and hereby is **DENIED;**

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss Count II in its entirety be and hereby is **GRANTED;**

**IT IS FURTHERED ORDERED** that the defendant's motion to dismiss any claims for damages relating to ATMs the plaintiff did not use be and hereby is **DENIED.**

**SO ORDERED.**

E.D.Wis.,2007.
Savrnoch v. First American Bankcard, Inc.
Not Reported in F.Supp.2d, 2007 WL 3171302 (E.D.Wis.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.