IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

RONALD GILBRECH, individually )
and on behalf of all others )
similarly situated, )
)
    Plaintiff, )
)
v. )   Case No: 2:10-cv-02692-JPM-tmp
)
FIRST DATA CORP., as )
successor to EFS NATIONAL )
BANK, )
)
    Defendant. )

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Before the Court is Defendant First Data Corp.'s ("First Data") Motion to Dismiss (Docket Entry ("D.E.") 5), filed November 19, 2010. Plaintiff Ronald Gilbrech ("Plaintiff") responded in opposition on January 24, 2011. (D.E. 18.) First Data filed a reply brief in support of its motion on January 27, 2011. (D.E. 20-1.) For the reasons below, First Data's motion is GRANTED.

**I. Background**

Plaintiff alleges that First Data, as successor to EFS National Bank, violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 et seq., and its implementing

regulations ("Regulation E"), 12 C.F.R. § 205 et seq., when First Data failed "to post on or at the EFS ATM a notice that a fee will be imposed for withdrawing cash or for a balance inquiry . . . ." (Compl. (D.E. 1) ¶ 25.) The ATM in question ("Warford ATM") is located at 2736 Warford Street in Memphis, Tennessee. (Id. ¶ 32.) Plaintiff states that he used the Warford ATM in June 2010 to withdraw cash. (Id. ¶ 30.) He claims that he was "assessed a $2.95 ATM surcharge fee" for the withdrawal. (Id. ¶ 32.) Plaintiff brings suit on behalf of himself and others similarly situated. (Id. ¶ 33.) He seeks statutory damages pursuant to 15 U.S.C. § 1693m.

**II. Standard of Review**

Under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atl. Corp. v. Twombly, 440 U.S. 544 (2007), a "civil complaint only survives a motion to dismiss [under Rule 12(b)(6)] if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 630 (6th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).

The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 902-03 (6th Cir. 2009) (citation omitted). The Court "need not accept

as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. at 903.

Under Rule 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly supported motion for summary judgment, the nonmovant must support the assertion that a genuine dispute as to one or more material facts exists by:

>     (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

> declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)-(B); see also Abeita v. TransAm. Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). However, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient.'" Street v. J.C. Bradford & Co., Inc., 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**III. Analysis**

Section 1693b(d)(3)(B) of the EFTA requires that an ATM operator provide notice of any transaction fee on (1) the ATM itself and (2) the ATM's screen during the transaction. 15 U.S.C. § 1693b(d)(3)(B). An "operator" is defined as "any person who operates an [ATM] at which consumers initiate

4

electronic fund transfers; and . . . is not the financial institution that holds the account of such consumer from which the transfer is made."  Id. § 1693b(d)(3)(D); see also 12 C.F.R. § 205.16(a).

In this case, Plaintiff alleges that he withdrew money from the Warford ATM in June 2010.  (Compl. ¶ 7.)  He claims that he was charged a $2.95 fee for the withdrawal.  (Id. ¶ 30.) Plaintiff alleges that the Warford ATM did not include a fee notice on the machine itself, in violation of 15 U.S.C. § 1693b(d)(3)(B).  (Id. ¶ 31.)

First Data filed a motion to dismiss on November 19, 2010. (D.E. 5.)  It asserts that it does not operate--and has never operated--the Warford ATM.  (Def.'s Mot. to Dismiss ("Def.'s Mot.") ¶ 5.)  In support of this assertion, First Data attached a declaration from Greg Courts ("Courts"), First Data's Director of ATM Operations.  (See Decl. of Greg Courts ("Courts Decl.") (D.E. 6) ¶ 2 ("Neither FDC nor any of its subsidiaries have ever owned, installed, or maintained an ATM at 2736 Warford, Memphis, Tennessee.").)  Accordingly, First Data argues that Plaintiff's complaint should be dismissed.  (Def.'s Mot. ¶ 6.)

Plaintiff offers two arguments in response to First Data's motion to dismiss.  First, Plaintiff argues that First Data is

relying on the "good faith" affirmative defense,[1] which Plaintiff calls "out-dated law." (Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Resp.") (D.E. 18) 4.) Second, Plaintiff contends that First Data has attempted "to [b]ring a Motion for Summary Judgment, [c]alling it a Motion to Dismiss." (Id. at 5.)

First Data counters that Plaintiff has misinterpreted its position. (See Reply in Supp. of Mot. to Dismiss (D.E. 20-1) 2 ("[T]hose arguments [by Plaintiff] miss the point.").) First Data insists that it has not asserted the "good faith" affirmative defense. (Id. at 3.) First Data reasserts that it is not an "operator" for the purposes of the EFTA. (Id.) It also notes that "[t]he undersigned counsel [for First Data] provided Plaintiff's counsel . . . with the identity of a company that may operate the ATM . . . [y]et Plaintiff maintains its claims against [First Data]." (Id. at 2 n.2.)

Rule 12(d) provides that if matters outside the pleadings "are presented to and not excluded by the court" on a motion to dismiss, then the motion must be treated as one for summary judgment pursuant to Rule 56. Fed. R. Civ. P. 12(d); see also Johnson v. Bredesen, 356 F. App'x 781, 783 (6th Cir. 2009). When converting a motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity

---

[1] The "good faith" affirmative defense is found at 15 U.S.C. § 1693m(d).

6

to present all the material that is pertinent to the motion." Id. The Sixth Circuit has explained that notice of conversion is required only "where 'one party is likely to be surprised by the proceedings . . . .'" Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1105 (6th Cir. 2010) (quoting Salehpour v. Univ. of Tenn., 159 F.3d 199, 204 (6th Cir. 1998)). In the absence of surprise, the question of whether notice is appropriate "'depends [on] the facts and circumstances of each case.'" Id. (quoting Salehpour, 159 F.3d at 204).

In this case, First Data filed its motion to dismiss and Courts' declaration[2] on November 19, 2010. (D.E. 5; D.E. 6.) First Data explicitly references the declaration in its motion. (See Def.'s Mot. ¶ 6 ("In support of this Motion, [First Data] relies on the Declaration of Greg Courts and the record as it stands in this case.").) Accordingly, Plaintiff was on notice in November 2010 that First Data's motion to dismiss could be converted into a motion for summary judgment. The Court finds that conversion is appropriate here.

Plaintiff responded in opposition on January 24, 2011. (D.E. 18.) In his response, Plaintiff discusses the Rule 12(b) standard. (See Pl.'s Resp. 5 ("Plaintiff need not restate the well[-]known law that a motion to dismiss is based on the

---

[2] A declaration may be filed in support of a summary judgment motion. Fed. R. Civ. P. 56(c)(1)(A).

7

pleadings, and not on affidavits which are used in summary judgment . . . .").) Plaintiff does not attempt to supplement the record in his response, nor does Plaintiff ask the Court for an opportunity to supplement the record. <u>Wysocki</u>, 607 F.3d at 1105. Courts' declaration states that First Data has "never owned, installed, or maintained an ATM at 2736 Warford . . . ." (Courts Decl. ¶ 2.) Plaintiff has offered no evidence to rebut Courts' declaration. The declaration establishes that First Data is not an "operator" under the EFTA. Because First Data is not an "operator," it is not liable to Plaintiff. Accordingly, there is no genuine dispute as to any material fact and summary judgment is warranted.

## IV. Conclusion

For the foregoing reasons, First Data's motion for summary judgment is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 18th day of February, 2011.

                                           _/s/ Jon P. McCalla_____
                                           JON P. McCALLA
                                           CHIEF U.S. DISTRICT JUDGE